SUMMARY ORDER
Petitioner Scott L. Fenstermaker, a criminal defense lawyer, sued for declaratory and injunctive relief (1) on behalf of detainees held at the United States Naval Station at Guantanamo Bay, Cuba, alleging violations of their rights to counsel and speedy trial under the Fifth and Sixth Amendments, the Uniform Code of Military Justice, see 10 U.S.C. §§ 810, 838, and the Rules for Court Martial; and (2) on his own behalf, alleging violations of his First and Fifth Amendment rights. Fenster-maker now appeals the district court’s dismissal of his complaint for lack of standing and failure to state a claim, a ruling we review de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in Fenstermaker’s favor. See Vietnam Ass’n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008). “The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists.” Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir.2009) (internal quotation marks and citations omitted). We assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
1. Fenstermaker’s Standing To Sue on Behalf of Detainees a. Third-PaHy Standing
Fenstermaker submits that he has third-party, or jus tertii, standing to sue on behalf of detainees. To establish third-party standing, Fenstermaker must show that (1) he has suffered an injury in fact, (2) he has a “close relation” to the detainees whose rights he seeks to assert, and (3) detainees are hindered from protecting their own interests. See Powers v. Ohio, 499 U.S. 400, 410-11, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). Because Fenstermaker must satisfy all three prongs of this test, our conclusion that he lacks the re *455 quired “close relation” means that he cannot establish third-party standing in this case even were we to assume that he has suffered an injury in fact and that the detainees are hindered in protecting their own interests.
A close relation supporting third-party standing exists when “the relationship between the litigant and the third party may be such that the former is fully, or very nearly, as effective a proponent of the right as the latter.” Singleton v. Wulff, 428 U.S. 106, 115, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); see also Eisenstadt v. Baird, 405 U.S. 438, 445, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972) (“[T]he relationship between Baird and those whose rights he seeks to assert is not simply that between a distributor and potential distributees, but that between an advocate of the rights of persons to obtain contraceptives and those desirous of doing so.”). Relying on Craig v. Boren, 429 U.S. 190, 192-97, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), and Eisenstadt v. Baird, 405 U.S. at 443-46, 92 S.Ct. 1029, Fenstermaker contends that he satisfies the “close relation” prong of third-party standing based on a “vendor-vendee relationship.” Appellant’s Br. at 16. We are not persuaded.
Fenstermaker alleged only that he might establish an attorney-client relationship with detainees in the future.[1] Thus, Fenstermaker’s third-party standing is foreclosed by Kowalski v. Tesmer, 543 U.S. 125, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004), which declined to allow lawyers to premise third-party standing on relationships with hypothetical future clients, see id. at 131, 125 S.Ct. 564 (“The attorneys before us do not have a ‘close relationship’ with their alleged ‘clients’; indeed, they have no relationship at all.”). Even if we were to accept Fenstermaker’s assertion that this relationship is enough, Fenster-maker fails to demonstrate that his interests sufficiently align with those of the detainees. As a criminal defense lawyer and member of the pool of qualified civilian defense counsel, Fenstermaker’s interest is in defending detainees who are in fact brought to trial for war crimes. But detainees may well have an interest in avoiding prosecution or challenging their detention through other legal avenues. Accordingly, we conclude that Fenster-maker has not established the close relation required to assert third-party standing.
b. Nextr-Friend Standing
Fenstermaker also attempts to sue as next friend to the detainees. The Supreme Court has established at least two prerequisites for next-friend standing: “First, a ‘next friend’ must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action ... Second, the ‘next friend’ must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.” Whitmore v. Arkansas, 495 U.S. 149, 163-64, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). Our conclusion that *456 Fenstermaker fails to establish that he is “truly dedicated to the best interests” of the detainees precludes his claim of next-friend standing.
Fenstermaker contends that he has shown “ample dedication to the Detainees and their cause” by initiating this action and by litigating detainee cases before both Article III courts and military commissions. Appellant’s Br. at 26-27. Without in any way impugning Fenstermakei'’s efforts, we conclude that they are insufficient to show dedication to the particularized interests of the detainees involved in this case. Cf. Does v. Bush, No. Civ. 05 313, 2006 WL 3096685, at *6 (D.D.C. Oct. 31, 2006) (noting that, without lawyer-client relationship, lawyer seeking to assert detainees’ rights as next friend could not know which legal channels they wished to pursue).
The parties also dispute whether the “next friend” must also have a “significant relationship” with the real party in interest. See Appellant’s Br. at 26-27. Even assuming, as Fenstermaker does, that a significant relationship is not a separate requirement for next-friend standing, we conclude that Fenstermaker’s admitted lack of any significant relationship with the detainees involved here bolsters our conclusion that he cannot satisfy the “truly dedicated” requirement for next-friend standing.
c. Standing-Based Discovery
Fenstermaker further submits that the district court abused its discretion in denying discovery that might have revealed facts supporting his claimed standing. We do not think the district court exceeded its “wide latitude to determine the scope of discovery” in denying Fenstermaker’s belated request. In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir.2008). Nevertheless, because Fenstermaker argues on appeal that this discovery would principally have revealed that detainees are hindered in litigating their own cases — a prong of the standing analysis we do not reach here — any discovery in this regard would not alter our conclusion that Fenstermaker lacks both third-party and next-friend standing.
2. Fenstermaker’s Individual First Amendment Claim
Fenstermaker also contends that the district court erred in dismissing his claim that defendants infringed his First Amendment right to disseminate information about his legal practice. We disagree. Although litigation is a form of political expression protected by the First Amendment, see NAACP v. Button, 371 U.S. 415, 429, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963), and attorneys have a First Amendment right to advertise their legal practice, see Bates v. State Bar of Ariz., 433 U.S. 350, 383, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), defendants’ inability to deliver Fenstermaker’s statement of practice to unknown detainees not yet subject to military commission charges does not violate the First Amendment. Because Fenstermaker could have distributed — and ultimately did distribute — his statement of practice by sending it to another address published by the Defense Department, Fenstermaker’s challenge reduces to the notion that he has a right to communicate in a particular manner, i.e., by mail sent to a particular address and distributed by particular government officials.
If the requirement that Fenstermaker send correspondence to a particular address restrained his freedom of speech at all, it was therefore a “time, place, and manner restriction,” which survives First Amendment scrutiny so long as it is “not ... based on the content of the message, [is] narrowly tailored to serve a significant governmental interest, and ... leave[s] *457 open ample alternatives for communication.” Forsyth County, Ga. v. Nationalist Movement, 505 U.S. 123, 130, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992); accord Lusk v. Village of Cold Spring, 475 F.3d 480, 493 (2d Cir.2007). Fenstermaker argues that the Defense Department adopted a “policy of rejecting Fenstermaker’s correspondence,” which operates as “a thinly-disguised attempt to preclude Detainees from obtaining effective and qualified counsel.” Appellant’s Br. at 35. This hyperbolic assertion is belied by the record, which shows that Fenstermaker could send correspondence to detainees at an address made publicly available by the Defense Department.[2] Any failure of the Office of Military Commissions to distribute Fenstermaker’s statement of practice to detainees not yet subject to its jurisdiction was therefore a content-neutral restriction that left open ample alternative channels of communication through the centralized address provided by the Defense Department. Accordingly, on this record, we conclude that Fenstermaker has failed to state a colorable First Amendment claim.
We have considered Fenstermaker’s other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

. Fenstermaker asserts that, after filing his complaint, he established an attorney-client relationship with Mustafa Bin-Ahmad Al-Hawsawi. We decline to examine the documents Fenstermaker seeks to submit under seal to demonstrate this fact because there is no question that Fenstermaker did not represent any of the detainee parties when he filed his complaint, and "standing is to be determined as of the commencement of suit.” Un-jan v. Defenders of Wildlife, 504 U.S. 555, 571 n. 5, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); accord Comer v. Cisneros, 37 F.3d 775, 791 (2d Cir.1994). Fenstermaker also moves to expand the record on appeal to show, inter alia, that he has established attorney-client relationships with certain detainees after the conclusion of the district court proceedings. We hereby deny that motion for failure to comply with Fed. R.App. P. 10(e)(2)(C).

. We do not decide whether the government's alleged failure to deliver Fenstermaker's mail as privileged in the absence of an appropriate protective order alters the First Amendment analysis, as these events occurred after the district court proceedings and are not properly in the record on appeal.